# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES T. PALADINO, | : |
| Petitioner, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 09-5041 |
| LYNN ABRAHAM, ET AL., | : |
| Respondents. | : |

## ORDER

**AND NOW**, this _____ day of April, 2010, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and the Government's Response, the other documents filed by the parties, and after review of the Report and Recommendation of United States Magistrate Elizabeth T. Hey (Doc. 23), **IT IS HEREBY ORDERED and DECREED** that:

    1.    The Report and Recommendation is **APPROVED and ADOPTED**, and

    2.    The habeas petition is **DISMISSED WITHOUT PREJUDICE**, and

    3.    There is no basis for the issuance of a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order (Doc. 12) and Petitioner's Motion for Summary Judgment (Doc. 15) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration (Doc. 24) is **DISMISSED AS MOOT**.[1]

---

[1] The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Therefore, a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or 3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). However, motions for reconsideration should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).
    The Supreme Court has held that a finding of clear error requires a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). To show clear error or manifest injustice, the moving party "must base its motion on arguments that were previously

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mark the above-captioned case as **CLOSED** for statistical purposes.

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Honorable Petrese B. Tucker, U.S.D.J.**

---

raised but were overlooked by the Court." United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). However, "parties are not free to relitigate issues that the Court has already decided." Id. (citing Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).

Here, Petitioner does not allege an intervening change in controlling law or present new, previously unavailable evidence. Consequently, Petitioner must demonstrate that there is a need to correct a clear error of law or fact to prevent a manifest injustice. Petitioner has failed to meet this burden, as he does not establish how a manifest injustice will result from the Court's ruling.

Moreover, Petitioner's writ for habeas corpus is premature because he currently pursuing a direct appeal in state court, and therefore, his conviction is not yet final. Petitioner has not demonstrated that any extraordinary circumstances exist that would warrant the exclusion of the exhaustion requirement. Once Petitioner has exhausted his state court remedies, he may then pursue an appeal before this Court.